Good afternoon. George Clark on behalf of Mr. Gubser. May it please the Court. Your Honors, we're here to determine today whether my client has the right, just the right, to know what standard of proof the government must meet before they take away half of his life savings for failure to file a two-page form. Well, let's take a situation when the government might be taking away someone's liberty, which is even more fundamental. Someone's being investigated for insider trading, and his lawyers are negotiating a possible plea deal. But he's thinking, well, you know, the law is in flux in that area. If I can get a really good jury instruction, maybe I should go to trial and not do a plea with the government before I'm indicted. Can he file a declaratory judgment asking what the jury instruction would be in his criminal trial in the event he's indicted? I don't believe so, Your Honors. How is this different? This is different because the process that we're talking about is the IRS Examination Division, which is the part of the IRS that determines did you do something wrong. The IRS Examination Division audited him for multiple years. They interviewed him. They interviewed his wife. They interviewed his accountant. They made a determination that he owed this penalty. They got that determination reviewed by a lawyer to say, you've, you've, you're right, you can go ahead with this determination. They issued that letter 3709, and that's at 151 to 155 of the record. They issued that letter. The only thing that prevented that from going to assessment and collection, okay, is the fact that he has a right under 7803e of the Code to an appeals settlement hearing. And what is appeals settlement? Appeals settlement, and this is important to understand, appeals settlement doesn't bind us. It does not bind Mr. Goopser. It can bind the government if there's some review process in that, that DOJ has some saying in that, okay? It is not something that's APA reviewable. It doesn't create a record. There's not a record that would come up here. When we, let's say that the appeals officer says, you know what, I think this burden of proof issue is sort of really a difficult one. I think it's 50-50, so I'm going to just give you a settlement offer of 50-50. And let's say we don't take that settlement offer and we come up here. You and the lower court, they're not going to be reviewing what happened there. That's not going to be subject to review here under abusive discretion or anything else. The question here is going to be, what is the proper standard and did the government meet that standard? That's going to be the issue. So I think it's important to understand that this is — What case can you cite that has ever allowed a declaratory judgment on what standard or what burden of proof would apply if the government follows through on a planned enforcement action? None. The issue, Your Honor, is there's very few cases where the burden of proof is this unclear. And I think you have to understand the background to this specific enforcement area. Why is it limited to burden of proof? What if it's, like I said, the definition of insider trading or the definition of bank account or under the tax code? I think if you were to look at the declaratory judgment cases, it has to resolve — this is like Ibrahim, that Ninth Circuit case involving the no-fly list, right? It has to resolve something that's fundamental. It doesn't have to resolve the entire case, declaratory judgment, but it does have to resolve something that's fundamental to the case. And I think a lot of those — you know, this specific jury instruction, oh, this are minor issues. This is a fundamental due process question. It depends on the case. Sometimes those are — the whole case turns on a jury instruction or the admissibility of a certain piece of evidence. It absolutely could, Your Honor. You're right about that. I think there's a difference, though, with the burden of proof. The burden of proof is a fundamental measure of how society says people who potentially are going to be subject to either taking their liberty away or taking a lot of money away from them. That doesn't necessarily prevent the assessment from being made. I mean, you may get a different examiner when you go back, and he may have a different opinion. And even if we decided, well, it should be the burden by preponderance, I mean, what difference would that make? They could go ahead and assess you anyway. Your Honor, I think we have to step back and say, what's the process, and is that going to happen? We're not going to have a different examiner at that level, okay? How do you know? You're relying on this one appeals officer for your own convincing. I'm sorry, Your Honor. That's an appeals officer. The examination part's done. The examiner could change his mind, too. The examiner's issued the notice. The examiner's issued that letter. I mean, there's nothing binding about that, though. Why couldn't he change his mind if you go back to it? Well, I think we do not believe that there is any likelihood, and I think if you look at the IRS procedures, and the IRS procedures talk through how this works, if you look at that 3709, but for appeals, it says we will assess and collect. That's what that letter says. They're not going to change that position. The examination division has finished that, and we're at the point that there's going to be a resolution of it. I think stepping back, though, we say, okay. If they do nothing, they'll assess the penalty. That's option three. You've chosen option two, disagree and request a conference, which you got. You liked what the appeals officer said. But he also told your client to go check it out. It might be preponderance of the evidence. I think it's clear and convincing, but you win if it's clear and convincing. But I just don't see you. I mean, whatever we say isn't going to matter once you go back to the whoever the appeals officer is. I think it absolutely will matter, Your Honor. It binds the parties. I mean, it's not – it's not compulsory. Declaratory judgment is not compulsory. But you will be determining. But the process is ongoing. You haven't completed your option two. Your Honor, the process is not – if we look at Abbott Labs, the process is not at a point where you're going to be interfering with administrative policymaking. That's the test for rightness. Declaratory judgment allows us to do something, even though we might have other ways – I mean, the statute itself says you might have other remedies, but you can bring a case under declaratory judgment, even if you have those other remedies. But the IRS is still in its fact-gathering phase. No. That's absolutely – It's completed. That is – they are definitely not – But you haven't been assessed an amount. The only – the only question here is, is assessment some magical period, right? And, I mean, that – you could find that. You could say assessment's the magical point in time. Don't they have until end of December or something? Your Honor, the statute of limitations – we have been extending the statute of limitations and we continue to do that. What if you go back and it's litigated and the government proves that there was a willful failure? Then you've got to pay the tax. So what we decide doesn't ultimately – doesn't resolve whether you're going to pay – have to pay the tax. Your Honor, just to clarify, it's not a tax. If it was a tax, the declaratory judgment wouldn't apply to it. Well, it's a penalty. It's a penalty, okay? I know I'm a tax lawyer and this is – it's the IRS, but it's not a tax. That's important to understand. But it's a penalty. We just substitute penalty for tax. Sure, absolutely. The issue, though, is that this will resolve a major part of this case, okay? And the fact that it doesn't resolve the entire case doesn't cover it. I would look at that Ibrahim case. I mean, the fact that the person was taken off the no-fly list didn't resolve everything with respect to the visa, but it resolved a very important part, and we are resolving a very important part. Well, there are two cases out there that said it's preponderance of the evidence. We could be wrong, Your Honor, on the standard. There's no doubt we could be wrong, but I would even say if we're wrong, let's say we go back and we – and you say that we do have the right to test this, and we get a ruling that it is preponderance. Well, that's going to inform our understanding of what the settlement process is. It's going to inform my clients, should I do this? The question is, do we have to take the enforcement agency's word for the burden of proof, or can we get a court to look at this? And this is all about when. Of course you can bring a challenge after they impose the fine. It's not like you're being deprived of the right for a court to one day decide whether this was proper, right? Well, we have two rights. We have a right to an appeals hearing that's meaningful. How can you have a meaningful hearing if we don't know what the standard of proof is? This isn't right. I'm sorry, Your Honor. This isn't right. I think it is right. If you look at Abbott, they say, you know, the question that the parties are debating is, are you going to be interfering with administrative rulemaking? If you look at the Abbott case where they've got a regulation out there, the regulation was there. It was sort of extant. Here, what is left to be done? The IRS Examination Division has made its determination that he owes this money. The Justice Department has made their determination that the standard is preponderance. It's not like it would be a very different case if the appeals — if IRS or DOJ was saying, look, we don't know what the standard is yet. We're still working through that. We might issue a regulation. We might do some notice and comment on that. That would be a very different case. That's not the world. They're saying standard's fixed. IRS Examination Department is saying he owes the money. There's no other step. It's not going to ripen any further by waiting for it. Let me ask you this. Let's say you have a criminal case and a defendant's trying to negotiate a plea, and there's a critical, critical legal issue involved in that determination, whether he should go to trial or take the plea. Do you think he could file a suit and ask a court to decide what that legal issue is so he'll know whether to mediate the plea, to take the plea or not? I don't believe so, Your Honor, but I think this case is different. We've got an IRS process that has completed. The IRS Examination Division has made its determination, and the Department of Justice has made its determination what the standard is. And so the question is, do we, as part of an IRS settlement discussion, do we have an ability to know that? It would be the same if the parties – it's no difference than the insurance cases where, you know, an insurance company has got a policyholder who they don't know if the coverage – if the specific individual or the coverage – Let's say the DOJ in a criminal case. We're going to indict you the first of the next month, and so you're trying to figure out, should I take this plea deal before then? I want to file a declaratory judgment. This indictment's imminent, and I want to know if what I did wrong is covered by this statute. Your Honor, I think that I would have a tough time seeing where the jurisdiction was for that kind of a case to be brought. We've got a 13 – the statute, 1355, that allows the district courts to have – that gives the district courts original jurisdiction over this matter. And that's your – that's your way around sovereign immunity? It is – it is definitely the way around sovereign immunity, Your Honor. The statute says it allows jurisdiction for an action for the recovery of a fine or penalty. What's there to recover when you haven't paid the fine or penalty? I think you have to read that in the context of the Declaratory Judgment Act, Your  You have to put those two things together. If you look at the Declaratory Judgment Act, it carves out a wide variety of items, okay? It carves out Federal taxes except for 7428. It carves out Title XI, Section 30505 and 1146. It carves out anti-dumping and countervailing duties. Where it hasn't carved something out, it's in. And I'll also say, Your Honor, the Department of Justice is making the same exact argument in the Court of Federal Claims and in the Eastern District of Wisconsin, another district court. They are acknowledging that 1355 gives the court jurisdiction with respect to recovery. Going back to your insurance example, if one of the parties to the policy asks for declaratory judgment on whether there's coverage, that resolves the case. Once that judgment is rendered, that resolves whether there's coverage. There's no – nobody can come in and say, well, no, we're not going to accept that or we're going to have coverage anyway. I mean, it resolves it. It might not, Your Honor, because there might be questions about what the damages are or the scope of it. I mean – Yeah, but we don't even resolve what the standard of proof is. You may go back and they may disagree with it. You definitely – just one quick – you will definitely resolve what the standard of proof is, whether the appeals officer – and the appeals officer is supposed to hew to the law, so we can expect him to follow it, but let's say he doesn't follow it. It's still binding with respect to us and the Department of Justice. There's no question when we go forward after that, both of the parties will know for an absolute certainty what that standard is. There's no doubt of that. That's the way declaratory judgment would work in this context. We will know exactly what that standard is. During this Option 2 procedure, have you negotiated the penalty down from the $1.3 million? Is there a different amount that's going to be assessed? Your Honor, once we brought this proceeding out, it was barred from – by the Department of Justice from talking to the appeals officers. I thought you said all that had been finished, that the fact-finding was concluded. Fact-finding is that. That's not fact-finding, Your Honor. That's just him weighing the hazards of the case. Just to be clear, he does not do anything. And finding, like, willful and – That's not really fact-finding. He's looking at what the IRS did and saying, okay, they allege you did this. I think they've got hazards on proving that in court because of the burden or because of the evidence. So is there a new number? There is not a new number. It's $1.3 million. You're still at the $1.3. We are. Thank you. Oh, my. I thought I was – You've got two minutes. I thought I saw red. Sorry about that. I'll keep going, yeah. It's the red one you have. Sorry. With respect to standing, Your Honor, Your Honor, this Court held in Bauer that standings established for declaratory judgment purposes if you either have actual present harm or significant possibility of future harm. We have both here. We only need one. The actual present harm is Mr. Koopzer for two years has had this $1.3 million hanging over his head. He's close to retirement. He basically doesn't know whether he's going to be able to retire. He needs to continue to work. He's got serious restrictions. This is not a minor financial amount. This is a huge financial amount to him. And it's not just him that are – that is in this situation. There have been – and this is updated from the brief – there have been $10 billion collected from 100,000 applicants into the Voluntary Disclosure Program, all without clarity with respect to the burden of proof. And we think that's important to understand the context. All we're trying to get is – Two circuits have opined on it, right, or two courts? They have, Your Honor, but – Is there a right to have every circuit court opine on an issue? Absolutely not, Your Honor, but there is a right to have a full-blown analysis of what the standard is. In all those cases – and this is what we said in our 28J response – in all those cases, it's very minor. There's not a discussion of the stigma that's associated with this. There's not a discussion of the standard adding to it and other cases like that. No, there has not been full briefing on this issue, and this issue is a very major issue with respect to a lot of individuals who are getting money taken from them. Is the money still in the Swiss bank account? It is. He's Swiss, so his money is still there. Oh, he's here. He is here. All right. Thank you. You've saved some rebuttal time. Thank you. Ms. Lyon. Thank you, and may it please the Court, Your Honor. Kathleen Lyon for the Internal Revenue Service. I would just like to address certain points in the argument, and we will otherwise rest on our briefs. On the ripeness – excuse me – on the standing issue, which she was just addressing, even though with respect to the proposed assessment, the injury of the proposed assessment, which is the only injury he raised in the complaint, he did concede below, of course, that this declaratory judgment in his favor would not actually result in the assessment not being – or in the penalty not being assessed. He's conceded that issue, and he doesn't pursue that on appeal. What he has done on appeal is identify this other issue of the uncertainty surrounding the burden of proof as a distinct injury. Well, it wouldn't result in an assessment if he was – if it was clear and convincing evidence and the Department of Justice couldn't prove that it was willful and knowing. Well, as I believe it was Judge Davis noted, what the appeals officer said in this one moment in time is not binding. He may change his mind. He may reweigh the facts. You're talking about the resolution from our court, I thought. You were talking about that we wouldn't resolve whether he owed the penalty or not. I'm sorry. Could you repeat that? I'm sorry. I thought you were talking about whatever judgment comes out of this case. Correct. That it would not affect whether or not he owed the penalty, but it – What I'm saying is at the district court level, he conceded that the declaratory judgment in his favor would not prevent the assessment from occurring. And so he has shifted his focus on appeal to this injury of the uncertainty of the standard of proof. And we think that the allegations and arguments with respect to that are actually contradict the complaint, and he's not entitled to have the facts that contradict the complaint to be taken as true for purposes of the motion to dismiss. Specifically, he's saying that all this uncertainty has sort of paralyzed the process in appeals because the appeals officer allegedly was riddled with doubt and requested guidance and didn't know what to do on the standard. Those allegations were raised for the first time in the hearing on the motion to dismiss. And they contradict the complaint, which very clearly at paragraphs 25 and 36 say that the appeals officer took a very clear position on what the standard was. It was a preponderance of the evidence. And there's no indication that he was confused about that. Mr. Goebsel in his brief and again here today has said that it's very important and that the appeals officer are required to hew to the law, and that's precisely what the appeals officer is doing so far. Didn't he allege, though, that the appeals officer said, if it is this higher standard, then I can't meet it? Yes, he does allege that, Your Honor. That doesn't mean that it would be dispositive of anything. Right. But you're just saying what's not in the complaint is this allegation of uncertainty by the hearing officer? Correct. And he really runs with that on appeal. There are numerous places. We noted this in a footnote in our brief. There are numerous pages in the opening brief where he's saying, look, the appeals officer absolutely needs guidance. He requested it. He specifically requested it. And that's why we need it, and that's why you should give it to us. The injury of the uncertainty about the burden of proof also rests to a degree on this supposed inconsistency in guidance that the IRS has provided. He points to the 2006 chief counsel advice memo, which he concedes is not precedental and he even says twice in the reply brief, I believe, that the IRS has no policymaking authority with respect to setting the standard of proof. The chief counsel memo was written in 2006, well before any of these cases were decided. And it necessarily and understandably took a conservative position of what it thought courts might do. The chief counsel turned out to be wrong. There are three cases, including the case that we noted in the 28J letter, Bohannics, which have decided that a preponderance of the evidence standard applies here. He says also that he can't get a meaningful hearing without guidance from this Court, but the fact is there is guidance. There are these three cases. What he has essentially identified is not an uncertainty about the standard of proof, but a disagreement about the standard of proof. And that's why what he is seeking to do here is to get an advisory opinion. He wants to know what a district court would do if a penalty were assessed, even though a district court may never have to rule on the standard of proof in the ordinary course of litigation, meaning if a penalty ever were assessed here and Mr. Goobzer took it to district court, district court, you know, these are very fact-specific inquiries. The district court may look at these facts and say these are so strong that they meet any standard, I don't have to decide on the standard of proof, or conversely, that the facts are so weak that the government doesn't meet the preponderance of the evidence standard and, again, wouldn't have to decide on the standard of proof. So he's really seeking a pure advisory-type ruling. With respect to the lawsuit prevent them from going forward at the hearing, officer? It is officially, I believe, well, they don't call it, it's not technically a litigation hall, but they call it a suspension. And the situation is, this is a very abnormal situation for appeals to be in. The overwhelming number of cases that they handle are tax cases, and taxpayers don't generally run to court to get a ruling on a particular, you know, legal issue. They wait until, you know, there's either a settlement or not and they take it to court. And here, you know, where the appeals is supposed to give a full and fair hearing and a full consideration of the issues, it's difficult to know what to do when the taxpayer has gone off to court. And to decide the issue while this is ongoing may bring its own questions about due process, I suppose. But is it correct that the assessment is still the 1.3? I don't know what their settlement discussions have been. I don't have any. Have they concluded? Well, I assume not. I mean, no decision has been made by the appeals officer. That's what opposing counsel said. So I don't know that they have. I don't. That's not helpful. Well, understood, Your Honor. But until a decision is made, it's not made until there's a final decision. I have the fact is that the complaint doesn't say anything other than the fact that the appeals officer made these statements. It doesn't say anything about what the parties have discussed. It doesn't say anything about whether Mr. Gipser has presented different facts. It doesn't present no pending assessment. There's no pending assessment. No decision on assessment has been made. With respect to 1355, he hasn't pointed to any waiver of sovereign immunity to bring a declaratory judgment and standard of proof. I would just make two points on this regarding the case law that he's relied on. One of the cases he relies on is this service decision in Greeks IV, which is from the 1970s. In that case, this court did not decide anything on 1355 one way or the other, whether for jurisdictional purposes or sovereign immunity purposes. The government conceded in that case that 1355 provided jurisdiction, but for unknown reasons. We don't know why it did that. It's not — there's nothing in the Fifth Circuit opinion or the district court opinion on remand that illuminates that issue. And sovereign immunity is not mentioned anywhere in the Fifth Circuit decision or the district court decision on remand. And, in fact, if anything, the tax — or the individual there seems to have relied on a different statute for his claim. So sovereign immunity may not have been the issue with 1355 there. But one key in looking at the case is that, although that wasn't an FBARC-type case, it involved a penalty that had been assessed and paid before the suit was brought. And so that case doesn't have a lot of reach here. Second, in Norman, the — Mr. Gibson has argued that the government should be stopped from arguing that there can be no private cause of action under 1355. The fact is there's no inconsistency in what we said in Norman versus what we're saying here. In Norman, which was a Tucker Act case, we were arguing about the exclusive jurisdiction of the district court to consider recovery suits against the government. What we're saying here is 1355 provides no waiver of sovereign immunity for declaratory judgment on the standard of proof. The most you can say about 1355 is that it allows for a private cause of action, you know, for a recovery of a penalty. But there's been no penalty here. There's no assessment. And I would also point out that we lost in Norman, and we are evaluating our position in light of that. That's — that's certain. If the Court has no further questions. Thank you. Thank you. You have five minutes. Thank you. With respect to the 1355 issue, again, it doesn't matter that there isn't a specific indication from Congress that sovereign immunity is waived for a declaratory judgment act associated with 1355. I mean, declaratory judgment act applies otherwise against the United States. It has — Congress has carved out of 2201 what it wants to carve out, and it hasn't carved this out. And 1355 does apply. And again, there's no question on, you know, January 7th — January 11th of 2017, there is a reply — and we can — we can 28J this. In this Kintera v. United States case, the Department of Justice filed saying by its terms, this statute, 1355, would apply inasmuch as the plaintiffs would be seeking a recovery of a penalty. So there's no question that 1355 is — But that's a recovery. That's already been paid. It is, Your Honor. But I think you have to put that together with the declaratory judgment act. Unless the declaratory judgment act just doesn't apply against the government, where is it any place that they say, other than 2201, that the declaratory judgment act doesn't apply? They've carved out specific government actions in there, including taxes. They haven't carved this one out. With respect to this uncertainty issue and whether we're inconsistent — uncertainty with respect to the appeals officer, sorry, Your Honor — and whether we're inconsistent in our filings, the question is, is there a dispute about the standard of proof? And there is a dispute about the standard of proof. We think it's clear and convincing. The government thinks it's preponderance. We have, under the declaratory judgment act, a right to seek a review of that if we have standing and if it's ripe. The only rightness argument that I think, you know, is kind of a hard one but a technical one is, is it pre-assessment? Is assessment somehow magical under the terms of FBAR? You know, do we have to wait for assessment to get there in order to find that it's ripe? And there's nothing in any of the case law indicating that it's a magical period of time like that. Again, if you go back to those insurance cases, you know, you wait for the proof of claim to come in. You get a proof of claim. You're not getting sued yet at the insurance company. You just get a proof of claim. Okay, well, at that point in time, I can go get declaratory judgment as to whether or not there's coverage. What about that is akin to assessment? There's nothing that's akin to assessment in that. I would say just in closing, you know, this is a case about certainty. That's what this case is about at the end of the day. It's about our ability to, you know, make decisions based on a certain standard. You know, the only question really for us is do we have a right to make decisions based on a judge's view of the law or do we have to make those decisions based on an enforcement agency's view of the law? And I think the idea that a person doesn't have any avenue prior to an administrative settlement discussion to determine what the burden of proof is that the government has to apply against you is anathema to due process. And we cite the Santosky v. Kramer case, Supreme Court case from 1982, for the premise that due process, a prior understanding of the applicable standard of proof is important to avoid, quote, proceedings governed by a constitutionally defective evidentiary standard. Due process — You're saying when some OSHA regulator decides what the burden should be to impose some fine under OSHA, or, I mean, we can list 20 or 30 examples of what Federal administrative agencies do, that there's a right to go get a declaratory judgment on what the standard should be for that fine that's being imposed by any enforcement agency? I don't know of any other area in which there's this lack of clarity with respect to the standard. I mean, you're talking about taking 50 percent of somebody's funds for failure to file a minor form. The government itself — and we're not citing this as precedent, but the government itself previously found that it was more likely that it was a clear and convincing standard. We just don't have — But so the standard for when you can get a declaratory judgment is only when it's real unclear what the administrative agency's burden is. No, I don't think it's real unclear. The question is exactly the one that's in Abbott, right? Is it — is it important? Is it concrete? Is it something that's susceptible to judicial resolution? Is there harm? It just seems to me that's — you know, there's administrative agencies making enforcement decisions, you know, every day all over the country, and there's always legal questions. People have hired lawyers. They have defenses. And you have to deal with it in the — with the administrative agency first. We did deal with the administration agency first, though. We went through the audit. We went through interviews. We went through that entire process. We're now at the settlement phase. And the question is, is there some magic about that settlement phase and assessment? Is assessment somehow magically period of time that before that, no, but after that, yes? And what we're saying is there's nothing in the case law indicating that assessment is that. So unless the panel has further questions. Thank you very much. All right. We'll take a short recess, and then we'll take up the third case.